Michael J. McKeon, Jr.
McKEON LAW, PLLC
600 Dewey Blvd., Ste. C
P.O. Box 3329
Butte, Montana 59702-3329
(406) 494-8890

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

_____

| | |
|---|---|
| KEVIN RANGITSCH, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. CV 23-78-BU-BMM-JTJ |
| ) | |
| vs. ) | |
| ) | **COMPLAINT AND DEMAND** |
| TRAVELERS INDEMNITY ) | **FOR JURY TRIAL** |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

_____

COMES NOW Plaintiff, demanding trial by jury, and for his complaint against Defendant, alleges as follows:

**PARTIES**

1.

Plaintiff, Kevin Rangitsch, is a natural person and citizen and resident of the State of Montana.

2.

Defendant, Travelers Indemnity Insurance Company, is a for profit corporation organized under the laws of Connecticut, authorized to conduct, and conducting, the business of insurance in the State of Montana.

## JURISDICTION AND VENUE

3.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.

4.

Plaintiff is a citizen of Montana, and Defendant is a citizen of Connecticut.

5.

Plaintiff seeks damages which substantially exceed $75,000.

6.

Venue is proper in the Butte division of this Court as Defendant issued to Plaintiff the contract of insurance in Butte-Silver Bow County within the Butte division. Additionally, the underlying collision occurred in Deer Lodge County within the Butte division of this Court.

## GENERAL ALLEGATIONS

7.

On March 6, 2022, Plaintiff was seat-belted, driving his 2018 Dodge Ram 2500 west on Galen Road, a paved, two-lane secondary highway between Anaconda, Montana and Galen, Montana, traveling to a friend's home. On this stretch of highway, the speed limit is 70 mph. As Plaintiff was approaching his friend's home, he began to slow down and turned on the left blinker. At the same time, Randy VanKirk, an uninsured driver, was traveling at a distance behind Plaintiff. As Plaintiff began his left turn, VanKirk, attempted to pass Plaintiff on his left, striking the front driver's side of Plaintiff's vehicle at a significant rate of speed, causing both vehicles to leave the left side of the road and collide with an embankment.

8.

As a direct and proximate cause of the March 6, 2022 motor vehicle collision, Plaintiff suffered, and is still suffering, disabling injuries which have caused, and will continue to cause, considerable pain and suffering, mental distress, economic damages and a disruption of his normal course of life, all of which will be proven at the time of trial. Additionally, Plaintiff has incurred, and will continue to incur, significant medical expenses, and a loss of earning capacity in an amount to be proven at trial.

9.

Following the crash, Plaintiff informed Defendant that the tortfeasor in the underlying claim is uninsured and he, out of necessity, would need to make an uninsured motorist claim against his uninsured policy.

10.

Based upon the information provided to Travelers, it was clear Plaintiff suffered, and was still suffering, disabling injuries; had incurred substantial medical expenses; and would incur substantial future medical expenses that were all directly related to the March 6, 2022, motor vehicle collision.  The information provided to Defendant indicated that Plaintiff's damages were far in excess of the UM policy limits.  As such, Defendant was responsible to honor their uninsured motorist contract with Plaintiff and reasonably compensate him for his injuries.

11.

Prior to the filing of this suit, Plaintiff attempted to settle his uninsured motorist claim with Defendant in an attempt to avoid the trauma, hardship and expense of litigation.  However, Defendant refused to pay the policy limits of uninsured motorist coverage to Plaintiff.  Because Defendant has rigidly adhered to its position with regard to this matter, and refused to make any meaningful offer, Plaintiff initiated this lawsuit.

12.

Having been forced to file suit, and in order to meet the unreasonable settlement position taken by Defendant, Plaintiff incurred, and will incur, substantial litigation and trial expenses, including attorney's fees, deposition costs, expert witness fees and costs, travel expenses, etc.

## FIRST CAUSE OF ACTION

**(Breach of Contract and Covenant of Good Faith and Fair Dealing)**

13.

Plaintiff realleges paragraphs 1 through 12 above as paragraphs 1 through 9 of this First Cause of Action.

14.

At the time of the collision, Plaintiff was covered by a policy of insurance issued by Defendant as policy number 602201022 203 1 for the policy period of March 23, 2021 to March 23, 2022. All premiums were paid on the policy. The policy included uninsured motorist coverage under Montana law.

15.

Pursuant to its contract of insurance, Defendant remains legally obligated to reimburse Plaintiff for the full extent of damages suffered by him, to the extent those damages are not covered by liability insurance.

16.

Plaintiff submitted a claim to Defendant requesting payment pursuant to the uninsured motorist coverage in his policy. Despite its obligations under the contract of insurance and controlling Montana law, Defendant has failed and/or refused to tender anything but a small fraction of the uninsured benefits Plaintiff has paid premiums to secure.

17.

This Cause of Action further implicates the common law as set forth in *Oltz v. Safeco Ins. Co. of Am.*, 306 F.Supp.3d 1243(D. Mont. 2018), and *Mlekush v. Farmers Ins. Exch.*, 389 Mont. 99 (2017).  Defendant owed Plaintiff an implied in law duty of good faith and fair dealing in the manner in which it addressed, interpreted, and evaluated Plaintiff's damage claim and its contract for UM benefits.

18.

Contrary to said duty and without justification, Defendant acted and/or conspired to minimize the contractual obligations owed Plaintiff under Montana law.  Defendant unreasonably negated and/or minimized the damages caused by Plaintiff's now chronic conditions. Defendant unreasonably characterized its fractional uninsured motorist proceeds offer as a compromise of "all damages," and otherwise engaged in a continuous course of tortious conduct which breached

Defendant's duty of good faith and fair dealing owed in relation to its contract with Plaintiff. Defendant engaged in a continuous course of such tortious conduct with such frequency as to indicate a general business practice. Defendant's actions contradicted reasonable commercial standards.

19.

As a result of Defendant's breach of the insurance contract and its corresponding obligations of good faith and fair dealing as described herein, Plaintiff has suffered damages as alleged herein.

## SECOND CAUSE OF ACTION

**(Declaratory Relief)**

20.

Plaintiff realleges paragraphs 1 through 19 above as paragraphs 1 through 16 of this Second Cause of Action.

21.

Under Montana law, insurers are required to tender payment to claimants for all damages which are reasonably certain when liability proves reasonably clear, without conditioning such payment on a final release or compromise of other available coverage for damages. §§ 33-18-201(4), (6) & (13), MCA; *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009).

22.

When a first-party insured buys insurance, like uninsured motorist protective coverage in this case, he or she does so with the reasonable expectation that they will be treated fairly and will not have to resort to expensive, time-consuming litigation in order to recover what they are rightfully entitled under the terms of their insurance policy. Based on the admitted facts of this case, as alleged herein, Defendant was, and remains, obligated to tender payment for Plaintiff's reasonably certain damages up to its policy limits and for Plaintiff's attorney fees associated with the pursuit of this action. *Mlekush v. Farmers Ins. Exch.*, 2017 MT 256, ¶ 23, 389 Mont. 99, 105, 404 P.3d 704, 708; *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009).

23.

Plaintiff has submitted his claim to Defendant, requesting payment of the uninsured motorist coverage contractually afforded by policy number 602201022 203 1. Defendant has failed and/or refused to tender full payment to Plaintiff in response to his claim, and has offered only to cover a fraction of benefits payable for Plaintiff's claimed damages.

24.

By reason of the foregoing, a judicable controversy exists between Plaintiff and Defendant. Specifically, Plaintiff seeks a declaration of rights, status, and/or

other legal relations with respect to the uninsured motorist coverage provided by policy number 602201022 203 1. Plaintiff further seeks a declaratory judgment requiring Defendant to tender payment for Plaintiff's reasonably certain damages and attorney fees under the insurance exception to the American rule.

## DAMAGES

25.

As a result of the above-described collision, Plaintiff has suffered damages, including past and future medical expenses, lost earnings and loss of earning capacity, emotional and physical pain and suffering, and loss of established course of life.

26.

As a result of the above-described occurrences, and as a result of Defendant breaching the contract of insurance and its obligations of good faith and fair dealing, Plaintiff has suffered damages as alleged herein.

27.

As a result of the above-described occurrences, Plaintiff has incurred attorney fees and expenses in assuming the burden of litigation for this action, in order to obtain the full benefit of his uninsured motorist coverage.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For reasonable compensation for his general and special damages;

2. For declaratory relief requiring Defendant to pay Plaintiff's reasonably certain damages;

3. For attorney fees pursuant to the insurance exception to the American Rule as set forth in *Mlekush v. Farmers Ins. Exch.*, 2017 MT 256, ¶ 23, 389 Mont. 99, 105, 404 P.3d 704, 708 and *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009);

4. For costs and disbursements incurred herein; and

5. For such further relief as the Court deems just and proper.

DATED this 8th day of November, 2023.

                        McKEON LAW, PLLC

                        By   /s/ Michael J. McKeon Jr.
                             Michael J. McKeon, Jr.
                             P. O. Box 3329
                             Butte, Montana 59702
                       Attorney for Plaintiff